**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID WANSAC, Individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No.   1:22cv2730 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MIDLAND CREDIT MANAGEMENT, INC. | ) ) | |
| Defendant | ) | |

## NOTICE OF REMOVAL

Defendant Midland Credit Management, Inc. ("Midland") hereby removes this action to this Court from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. As grounds for removal, Midland states the following:

## THE STATE COURT ACTION

1.     Plaintiff David Wansac initiated a putative class action lawsuit by filing a complaint in the Circuit Court of Cook County, Illinois on or about April 15, 2022. This action was pending in the state court as Case Number 2022CH03481 (the "State Court Action").

2.     The complaint alleges that Midland violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by making false, deceptive, and misleading statements to Plaintiff and members of the putative class and by sending Plaintiff and members of the putative class a collection letter that falsely and deceptively implied that the only way to cease communications with Midland was to enter into one of the time-sensitive settlement options. (Compl. at ¶¶ 37-38.) Pursuant to 735 ILCS 5/2-801, Plaintiff purports to bring these claims on behalf of a) all individuals with Illinois addresses; b) who were sent a collection letter, by or on

behalf of Midland that is materially identical to the one received by Plaintiff; c) to collect a consumer debt allegedly originally owed to Synchrony Bank; d) that was sent on or after a date one year prior to the filing of this action under the FDCPA; and e) that was not returned as undeliverable by the post office. (Compl. at ¶ 39.) Plaintiff seeks certification of the proposed class, designation as representative of the proposed class and designation of his counsel as class counsel, statutory damages, and attorney's fees and costs. (*Id*. at p 10.)

## PROCEDURAL REQUIREMENTS FOR REMOVAL

3.      Plaintiff served a summons and complaint on Midland on April 21, 2022. Removal is timely because Midland filed this notice within 30 days after being first served with a copy of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal deadline is triggered by formal service of process).

4.      For removal purposes, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois, where Plaintiff filed the State Court Action.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts a violation of the FDCPA. (*See* Compl., ¶¶ 37-38.)

6.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other filings served upon Midland in the State Court Action are attached hereto as **Exhibit 1** (summons and complaint).

7.      Pursuant to 28 U.S.C. § 1446(d), and concurrently with the filing of this Notice of Removal, Midland will (1) serve Plaintiff with a copy of the Notice of Removal, and (2) file a

copy of the Notice of Removal in the State Court Action. A copy of the Notice of Filing of Notice of Removal that will be filed in the State Court Action is attached hereto as **Exhibit 2**.

## SUBJECT MATTER JURISDICTION EXISTS

8.    28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to the federal district court located where the action is pending.

9.    This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which vests federal district courts with original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."

10.    Plaintiff has alleged that Midland violated the FDCPA, which is a federal statute governing debt collection practices. Thus, this action arises under the laws of the United States.

11.    Removal of this case is thus proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331.

## ADDITIONAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

12.    Midland has paid all fees required by law in connection with this notice of removal.

13.    All other requirements for removal and for federal court jurisdiction have been satisfied.

14.    By filing this notice of removal and the associated attachments, Midland does not waive any objections it may have as to service, jurisdiction, or venue, or any other claims, defenses, or objections available to it in this action. Furthermore, Midland intends no admission of fact, law, or liability by this notice and expressly reserves all defenses, motions, and pleas.

15.     If any questions arise as to the adequacy or propriety of the removal of this action, Midland requests the opportunity to supplement this notice with additional evidence and/or to brief any disputed issues and present oral argument in support of this removal.

Midland hereby removes this action from the Circuit Court of Cook County, Illinois to the United State District Court for the Northern District of Illinois, so that this Court may assume jurisdiction over this cause as provided by law.

Dated: May 23, 2022                    **MIDLAND CREDIT MANAGEMENT, INC.**

By:     /s/ Nicholas D. O'Conner
                *One of its attorneys*

Nicholas D. O'Conner (6302672)
*noconner@lockelord.com*
LOCKE LORD LLP,
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312.443.0700

4

**<u>CERTIFICATE OF SERVICE</u>**

I, Nicholas D. O'Conner, an attorney, certify that the foregoing was served upon all parties entitled to notice via the Court's CM/ECF. I further certify that I caused the foregoing to be served upon those persons or entities identified below by electronic mail on May 23, 2022 to the address below.

Bryan Paul Thompson
bryan.thompson@cclc-law.com
Robert W. Harrer
rob.harrer@cclc-law.com
Chicago Consumer Law Center, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
*Attorney for Plaintiff*

Stacy M. Bardo
Stacy@bardolawpc.com
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980)
Fax: (312) 219-6981

_____ /s/ Nicholas D. O'Conner _____

# **Exhibit 1**



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Tanya Flores<br>Midland Credit Management, Inc.<br>350 Camino de La Reina<br>Ste 100<br>San Diego, CA 92108-3007 |
| **Electronic copy provided to:** | Krista Yerby |

| | |
|---|---|
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number 1682419 |
| **Entity Served:** | Midland Credit Management, Inc. |
| **Title of Action:** | David Wansac vs. Midland Credit Management, Inc. |
| **Matter Name/ID:** | David Wansac vs. Midland Credit Management, Inc. (12222472) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2022CH03481 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 04/21/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Chicago Consumer Law Center, P.C.<br>312-858-3239 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Hearing Date: 8/15/2022 10:00 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

FILED
4/15/2022 2:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH03481
Calendar, 1
17521083

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                    (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

David Wansac, Individually and on behalf of all
others similarly situated

_____
                                    Plaintiff(s)

                    v.

Midland Credit Management, Inc.

_____
                                    Defendant(s)

c/o Illinois Corporation Service Co,
801 Adlai Stevenson Drive, Springfield, IL 627

_____
                    Address of Defendant(s)

### 2022CH03481

Case No. _____

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ◉ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons                                         (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

4/15/2022 2:17 PM IRIS Y. MARTINEZ

⦿ Atty. No.: 62709
○ Pro Se 99500

Name: Chicago Consumer Law Center, P.C.

Atty. for (if applicable):

Plaintiff

Address: 33 N. Dearborn St., Suite 400

City: Chicago

State: IL    Zip: 60602

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

Witness: _____

IRIS Y. MARTINEZ, Clerk of Court

Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 4/15/2022 2:17 PM    2022CH03481

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**12-Person Jury**

Hearing Date: 8/15/2022 10:00 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

FILED
4/15/2022 2:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH03481
Calendar, 1
17521083

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DAVID WANSAC,<br>Individually and on behalf of all others<br>similarly situated,<br><br>    *Plaintiff,*<br>  v.<br>MIDLAND CREDIT MANAGEMENT,<br>INC.<br><br>    *Defendant.* | Case No.: **2022CH03481**<br><br>Hon.<br><br>Calendar<br><br>Courtroom |

## CLASS ACTION COMPLAINT

Plaintiff David Wansac, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), for a finding that Defendant Midland Credit Management, Inc.'s actions violated the FDCPA, and to recover damages for Defendant's violations thereof, and alleges:

## NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false, deceptive or misleading statements in connection with debt collection attempts.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of

FILED DATE: 4/15/2022 2:17 PM 2022CH03481

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

7.      "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the

FILED DATE: 4/15/2022 2:17 PM  2022CH03481

amount in controversy, **or in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

## JURISDICTION AND VENUE

8.      Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9.      Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred.  In addition, Defendant regularly does business in this County and has a registered agent located in Illinois.  735 ILCS 5/2-102(a).

10.      Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

11.      Plaintiff David Wansac was a resident and citizen of the State of Illinois during all times relevant to this complaint.

12.      Defendant Midland Credit Management, Inc. ("Midland") is incorporated in Kansas and is a debt collector with its principal place of business located in San Diego, California.

3

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

13.     Defendant Midland acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

14.     Defendant Midland also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15.     Defendant Midland is licensed as a collection agency with the Illinois Department of Financial and Professional Regulation.

<u>FACTUAL ALLEGATIONS</u>

16.     Midland claims that Plaintiff incurred a debt for a Synchrony Bank credit card account, purportedly owed for personal, family or household purposes ("alleged debt").  The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

17.     Midland claims that Plaintiff failed to pay the alleged debt, and that the account entered default.

18.     Midland claims that it purchased the alleged debt from Synchrony Bank after it had entered default and is the current owner of the alleged debt.

19.     Midland began attempting to collect the alleged debt from Plaintiff and sent him a collection letter on or about September 29, 2021. (<u>Exhibit A</u>, Collection Letter).

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

20.     The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

21.     The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

22.     The Letter presented three separate offers to settle Plaintiff's alleged debt:

| Option 1*: 10% OFF | You Pay Only |
| Payment Due Date: 10/29/2021 | $2,327.89 |
| Option 2**: 5% OFF | 6 Monthly Payments of Only |
| First Payment Due Date: 10/29/2021 | $409.54 |
| Option 3: Monthly Payments As Low As: | |
| Call today to discuss your options and get more details. | $50 per month |

23.     The Letter additionally stated that the offer expired on October 29, 2021.

24.     Next to these offers in the letter, Midland stated:

**STOP our calls by selecting one of these 3 options**

(Exhibit A, Collection Letter)

25.     This statement implies that the only way the consumer can force Midland to cease communication is through accepting one of the settlement offers listed in the letter.

26.     This is a false and misleading statement as the FDCPA requires debt collectors to cease communications when a consumer provides them a written demand to cease communication, as provided in 15 U.S.C. § 1692c(c):

5

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

§ 1692c. Communication in connection with debt collection

(c) Ceasing communication

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

27.     Midland's statement regarding how to stop its calls was made to Plaintiff, and members of the putative class, to cause them to falsely believe that the only way to stop relentless collection calls by the Defendant was through paying the alleged debt.

28.     Midland's statement also gives Midland an unfair advantage by causing consumers to believe they would need to pay the alleged debt, even if it were disputed, simply to stop Midland's calls, when other legal protections to stop calls and future debt collection conduct exists under the FDCPA.

29.     15 U.S.C. § 1692e of the FDCPA provides in relevant part:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

6

FILED DATE: 4/15/2022 2:17 PM    2022CH03481

> Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

30.     Defendant violated 15 U.S.C. § 1692e and 1692e(10) by making false, deceptive and misleading statements to Plaintiff and members of the putative class.

31.     15 U.S.C. § 1692f of the FDCPA provides in relevant part:

> **Unfair practices**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

32.     Defendant violated § 1692f by sending Plaintiff a collection letter that falsely and deceptively implied that the only way to cease communications with Defendant was to enter into one of the time-sensitive settlement options.

33.     Consumers receiving Defendant's form collection letter are left believing that the only way to "stop the calls" is to accept one of Midland's settlement offers.

34.     The fact that the Letter states that the offer expires "10/29/2021" adds additional pressure to a consumer, with Midland leading them to believe that if they do not accept one of the offers by this date, Midland's calls will continue, regardless of any other action the consumer takes.

35.     The Defendant's collection communications are to be interpreted under the objective "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

7

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

36.     Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

37.     Defendant violated 15 U.S.C. § 1692e and 1692e(10) by making false, deceptive and misleading statements to Plaintiff and members of the putative class.

38.     Defendant violated § 1692f by sending Plaintiff and members of the putative class a collection letter that falsely and deceptively implied that the only way to cease communications with Defendant was to enter into one of the time-sensitive settlement options.

## CLASS ALLEGATIONS

39.     Plaintiff brings these claims on behalf of the following class:

**COUNT I - FDCPA Class:**

The FDCPA class consists of: (a) all individuals with Illinois addresses; (b) who were sent a collection letter, by or on behalf of Midland Credit Management, Inc., in the form represented by Exhibit A to Plaintiff's Class Action Complaint; (c) to collect a consumer debt allegedly originally owed to Synchrony Bank; (d) that was sent on or after a date one year prior to the filing of this action under the FDCPA; and (e) that was not returned as undeliverable by the postal service.

40.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

41.     The proposed class meets all requirements under 735 ILCS 5/2-801.

8

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

42.   **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of class members is presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of the Defendant. However, it is reasonable to infer that more than 40 Illinois consumers received a letter materially identical to <u>Exhibit A</u> hereto given that it is a form letter.  Class members can be easily identified through Defendant's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

43.   **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation: (a) whether the Defendant misleadingly implied that the only way to cease its phone calls was through selecting a settlement option; and (b) whether such communications violate the FDCPA.

44.   **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the class members he seeks to represent and he intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel and Plaintiff's claim is typical of the claims of the class members.

FILED DATE: 4/15/2022 2:17 PM 2022CH03481

45. **Appropriateness:** A class action in this case would be appropriate and superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for many class members to individually seek redress for Defendant's wrongful conduct. Further, individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks for an award in his favor and against Defendant as follows:

A.  Certification of the proposed Class;

B.  Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C.  Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);

D.  Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

E.  Such other or further relief as the court deems proper.

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

11

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
COOK COUNTY FIRM ID. NO. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

FILED DATE: 4/15/2022 2:17 PM 2022CH03481

Hearing Date: 8/15/2022 10:00 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

2022CH03481

FILED
4/15/2022 2:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH03481
Calendar, 1
17521083

FILED DATE: 4/15/2022 2:17 PM   2022CH03481

# EXHIBIT A

**MCM** Midland Credit Management®
350 Camino De La Reina
Suite 100
San Diego, CA 92108

9/29/2021

| Original Creditor | SYNCHRONY BANK |
|---|---|
| Current Owner | Midland Credit Management, Inc. |
| Original Account Number | |
| MCM Account Number | |
| Current Balance | $2,586.54 |

David Wansac          P32 T914  021

You are pre-approved for a 10% discount!
Reply Now! MidlandCredit.com
**877-898-5125**

### Choose The Option That Works For You.

RE SYNCHRONY BANK          AMAZON

Dear David,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Pay today at MidlandCredit.com or call 877-898-5125 now.

**Benefits of Paying!**

Save Up To:
**$258.65**

| Option 1: **10% OFF** | You Pay Only |
|---|---|
| Payment Due Date:  10/29/2021 | $2,327.89 |

STOP our calls by selecting one of these 3 options

| Option 2:  **5% OFF** | 6 Monthly Payments of Only |
|---|---|
| First Payment Due Date:  10/29/2021 | $409.54 |

**Option 3: Monthly Payments As Low As:**
Call today to discuss your options and get more details.      $50 per month

This offer expires
**10/29/2021**

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

*Tim Bolin*
Division Manager

MidlandCredit.com
877-898-5125

Mon-Fri 8am - Midnight ET
Sat-Sun 8am - 7:30pm ET

*To take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call 877-898-5125.
**Option 2 is only available by calling 877-898-5125.

We are not obligated to renew any offers provided.

 **MidlandCredit.com**          877-898-5125          Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Receive this
10% DISCOUNT OFFER
when payment is made
on or before
10/29/2021

 **RECEIVE THIS DISCOUNT** WITH YOUR PAYMENT ON OR BEFORE ▸          **10/29/2021**

RETURN this slip with payment in the envelope provided to receive this limited-time discount offer.

**Total Enclosed:**     $ _____ .

Account Number
Current Balance                    $2,586.54
**DISCOUNTED Amount:**          **$2,327.89**

Mail Payments to:
Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

DOE7

**Important Disclosure Information:**

> **Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**Calls to and/or from this company may be monitored or recorded.**

**Basic Information**

| | | | |
|---|---|---|---|
| Original Creditor | SYNCHRONY BANK | MCM Account Number | |
| Original Account Number | | Charge-Off Date | 4/23/2021 |
| Current Creditor *The sole owner of this debt* | Midland Credit Management, Inc. | Current Servicer | Midland Credit Management, Inc. |

**Important Contact Information**

| Send Payments to: | Send disputes or an instrument tendered as full satisfaction of a debt to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc. PO Box 301030 Los Angeles, CA 90030-1030 | Attn: Consumer Support Services 320 E Big Beaver Rd. Suite 300 Troy, MI 48083 **You may also call: 877-898-5125** | Colorado Manager, Inc. 8690 Wolff Court, Suite 110 Westminster, CO 80031 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

NMLS ID: 934164

IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU: North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 350 Camino De La Reina, Suite 100, San Diego, CA, 92108

IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

DPRODA

*By providing your telephone number below, you authorize MCM or its agents to contact you regarding your account at such number by any means, including calling, texting, using automated dialer systems and automatic telephone dialing systems, and using pre-recorded or artificial voice messages. By providing your e-mail address below, you agree to receive electronic mail communications from MCM or its agents regarding your account at such e-mail address and confirm that such e-mail address is not furnished or owned by your employer.*

| | | | | |
|---|---|---|---|---|
| Street Address | | | | |
| City | | State | | ZIP |
| Email | | Cell Phone | | |
| Work Phone | | Home Phone | | |

FILED DATE: 4/15/2022 2:17 PM 2022CH00461

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED DATE: 4/19/2022 10:17 AM    2022CH03481

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
4/19/2022 10:17 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH03481
Calendar, 1

DAVID WANSAC,
Individually and on behalf of all others
similarly situated,

    *Plaintiff,*

    v.

MIDLAND CREDIT MANAGEMENT,
INC.

    *Defendant.*

Case No.: **2022-CH-03481**17547212

Hon. **Thaddeus L. Wilson**

Calendar **1**

Courtroom **2307**

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by and through counsel, hereby states as follows:

1.    Plaintiff seeks relief on behalf of herself and a class of similarly situated persons as alleged in his Class Action Complaint.

2.    Pursuant to 735 ILCS 5/2-801, and for the reasons stated in Plaintiff's contemporaneously filed supporting memorandum, Plaintiff respectfully requests that this action be certified for class treatment on behalf of the following proposed class:

> **(a) all individuals with Illinois addresses; (b) who were sent a collection letter, by or on behalf of Midland Credit Management, Inc., in the form represented by <u>Exhibit A</u> to Plaintiff's Class Action Complaint; (c) to collect a consumer debt allegedly originally owed to Synchrony Bank; (d) that was sent on or after a date one year prior to the filing of this action under the FDCPA; and (e) that was not returned as undeliverable by the postal service.**

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

1

FILED DATE: 4/19/2022 10:17 AM  2022CH03481

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
COOK COUNTY ATTORNEY ID. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

**Certificate of Service**

I, Bryan Paul Thompson, an attorney, state that on Tuesday, April 19, 2022, I caused the foregoing **Motion for Class Certification and Memorandum in Support** to be filed with the Clerk and sent via process server along with the summons and complaint to:

**Midland Credit Management, Inc.**
**c/o Illinois Corporation Service Co.**
**801 Adlai Stevenson Drive**
**Springfield, IL 62703**

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

2

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED
4/19/2022 10:17 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH03481
Calendar, 1
17547212

FILED DATE: 4/19/2022 10:17 AM   2022CH03481

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DAVID WANSAC,<br>Individually and on behalf of all others<br>similarly situated,<br><br>　　　　　*Plaintiff,*<br>　　v.<br>MIDLAND CREDIT MANAGEMENT,<br>INC.<br><br>　　　　　*Defendant.* | Case No.: **2022-CH-03481**<br><br>Hon. **Thaddeus L. Wilson**<br><br>Calendar **1**<br><br>Courtroom **2307** |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by and through counsel, moves, pursuant to 735 ILCS 5/2-801, to certify this case to proceed as a class action for a Class defined as: (a) all individuals with Illinois addresses; (b) who were sent a collection letter, by or on behalf of Midland Credit Management, Inc., in the form represented by Exhibit A to Plaintiff's Class Action Complaint; (c) to collect a consumer debt allegedly originally owed to Synchrony Bank; (d) that was sent on or after a date one year prior to the filing of this action under the FDCPA; and (e) that was not returned as undeliverable by the postal service.

### Nature of the Case

Plaintiff David Wansac brings Count I under the Fair Debt Collection Practices Act against Defendant Midland Credit Management, Inc. ("Midland"). Plaintiff seeks redress from the unlawful, unfair and deceptive debt collection practices perpetrated by Defendant against himself and the putative class.

1

FILED DATE: 4/19/2022 10:17 AM   2022CH03481

Defendant Midland began attempting to collect an alleged debt from Plaintiff through its form collection letter, sent to Plaintiff on or about September 29, 2021. (*See* Exhibit A, Initial Collection Letter).  The letter stated in relevant part:

| Option 1*:   10% OFF | You Pay Only |
|---|---|
| Payment Due Date:   10/29/2021 | $2,327.89 |

| Option 2**:   5% OFF | 6 Monthly Payments of Only |
|---|---|
| First Payment Due Date:   10/29/2021 | $409.54 |

| Option 3: Monthly Payments As Low As: | |
|---|---|
| Call today to discuss your options and get more details. | $50 per month |

The Letter additionally stated that the offer expired on October 29, 2021. Next to these offers in the letter, Midland stated:

**STOP our calls by selecting one of these 3 options**

(Exhibit A, Collection Letter)

This statement implies that the only way the consumer can force Midland to cease communication is through accepting one of the settlement offers listed in the letter. This false and misleading statement was caused to make Plaintiff, and members of the putative class, believe that the only way to cause Midland's communications to cease was by accepting one of the proposed settlement offers by the deadline. This is demonstrably false as the FDCPA provides other avenues for a consumer to cease communications with a debt collector, including sending a written notice to cease communication.

Based on Defendant's form letter, Plaintiff has pled the following violations:

A.       Defendant violated 15 U.S.C. § 1692e and 1692e(10) by making false, deceptive and misleading statements to Plaintiff and members of the putative class.

2

FILED DATE: 4/19/2022 10:17 AM 2022CH03481

**B.** Defendants violated § 1692f by sending Plaintiff a collection letter that falsely and deceptively implied that the only way to cease communications with Defendant was to enter into one of the time-sensitive settlement options.

Each of the above violations may be determined on a class basis.

### This Motion is Timely and May be Supplemented Later as Appropriate

Plaintiff may be required to file a motion for class certification with the Complaint and is able to request leave to supplement it later. *See Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011) and *Joiner v. SVM Mgmt.*, 2020 IL 124671 (2020).

### The Class Satisfies All Prerequisites for Certification under 735 ILCS 5/2-801

735 ILCS 5/2-801 provides: "An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

**A.** Numerosity is Met for the Class.

3

FILED DATE: 4/19/2022 10:17 AM    2022CH03481

The first requirement for class certification is numerosity. A proposed class should be so numerous that joinder is impracticable. *See* 735 ILCS § 5/2-801(1). Numerosity can be inferred here as Defendant used a form letter to communicate with alleged consumer debtors in the State of Illinois and Midland is licensed as a debt collection agency in Illinois. The exact number of members of the Classes are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of the Defendant. However, class members can be easily identified through a ministerial review of Defendant's records and it is anticipated that more than 40 Illinois consumers received a letter materially identical to Exhibit A to the Plaintiff's complaint. The benchmark for numerosity in Illinois is 40:

The benchmark for numerosity in Illinois is 40:

> If the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule and other factors, * * * become relevant. *Miller*, An Overview of Federal Class Actions: Past, Present, and Future, Federal Judicial Center, at 22 (1977).

*Wood River Area Dev. Corp. v. Germania Federal Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

Based on this, numerosity should be found and joinder of all members of each class is impracticable.

### B. Commonality and Predominance are Met for the Class.

Plaintiff can also demonstrate the second element of certification, that there "are questions of fact or law common to the class" that "predominate over any

4

FILED DATE: 4/19/2022 10:17 AM   2022CH03481

questions affecting only individual members." 735 ILCS § 5/2-801(2). Under this standard, "so long as there is a question of fact or law that is common to the class that predominates over questions affecting only individual members of the class, the statutory requirement is met." *Clark v. TAP Pharmaceutical Products, Inc.,* 343 Ill. App. 3d. 538, 549 (5th Dist. 2003).

> A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to an entire class. In such circumstances, the common class questions still predominate the case, and the class action is not defeated...

*Brooks v. Midas-International Corp.,* 47 Ill. App. 3d 266, 273 (1st Dist. 1977); *see also Gordon v. Boden,* 224 Ill. App. 3d 195, 200-03 (1st Dist. 1991) (commonality met for manufacturer selling defective orange juice despite purported individual issues regarding purported reliance, applicable state law, and price paid).

This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation:

    a) whether the language complained of in Defendant's form letter is deceptive and misleading;

    b) whether such communications violate the FDCPA.

The only individual issue is the identification of the class members, a matter easily ascertainable from the files of the Defendant. Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank,* 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be

FILED DATE: 4/19/2022 10:17 AM   2022CH03481

determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

**C.     Plaintiff and Class Counsel will More than Adequately Represent the Class Members' Interests.**

Plaintiff satisfies the third requirement to certify a class action in Illinois, specifically that Plaintiff will "fairly and adequately protect the interests of the class." 735 ILCS § 5/2-801(3). Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

The purpose behind the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *See Bueker v. Madison County*, 2016 IL App (5th) 150282, 61 N.E.3d 237 (5th Dist. 2016) (*citing Hall v. Sprint Spectrum, L.P.*, 376 Ill. App. 3d 822, 831, 876 N.E.2d 1036 (2007)). Courts break down adequacy into three sub-requirements: 1) the class representative is a member of the class; 2) the class representative must not be seeking relief that is potentially in conflict with the class; 3) and the class representative has the desire and ability to prosecute the claim vigorously individually and on behalf of the class members with sufficient knowledge and understanding of the litigation. *See Byer*

FILED DATE: 4/19/2022 10:17 AM 2022CH03481

*Clinic & Chiropractic, Ltd. v. Kapraun*, 48 N.E. 2d 244, 247 (1st Dist. 2016). All requirements are met by Plaintiff herein.

Further, the undersigned counsel is well experienced and capable of representing the class and have represented consumers in numerous class actions prior to this case. Plaintiff and Plaintiff's counsel have no interests adverse to, or which conflict with, the interests of other members of the Class. Plaintiff is well-informed about the allegations, merits, and risks of this litigation, and is willing to actively participate in this case. *See Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612, 621 (1st Dist. 1986) (class representatives found adequate where record showed knowledge, persistence in prosecuting claim, and willingness to serve as representative). For these reasons, adequacy is met.

> **D. The Class Action is the Appropriate Method for the Fair and Efficient Adjudication of the Controversy.**

The present case is appropriate for a class action, as it would provide for the fair and efficient adjudication of the controversy and substantial benefits will derive from proceeding as a class action. Such treatment enables a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would engender. This also protects judicial resources as it would allow a single judicial decision to apply to the entire class, rather than require the separate adjudication of dozens or hundreds of very similar claims.

Further, because class damages here will be predominately based on a formulaic net worth calculation, damages do not predominate over the readily

FILED DATE: 4/19/2022 10:17 AM    2022CH03481

proven common questions. *Bueker*, 2016 IL App (5th) 150282, ¶ 35 ("plaintiff must show that the damages are susceptible of measurement on a class-wide basis in order to maintain class certification.")  In this case, statutory damages are recoverable for FDCPA violations, whether or not the consumer proves actual damages.  *See Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997).  The methodology for calculating damages here can be readily performed on a class-wide basis since the FDCPA itself sets the measurements, and there are no questions of individual damage calculations which would overwhelm questions common to the class.

### E.    Timeliness of Plaintiff's Motion for Certification

While this case has only recently been filed, Plaintiff is presenting this motion, in part, to comply with the Illinois Supreme Court's decisions in *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011) and *Joiner v. SVM Mgmt.*, 2020 IL 124671 (2020), which require that a motion for class certification be filed to avoid potential "pick-off" of the named Plaintiff by Defendant. While all facts have not been fleshed out at this point, Plaintiff and Plaintiff's counsel are confident that with discovery, all required information will be obtained to reasonably supplement this motion for class certification.  Plaintiff would not object to this Court entering and continuing this motion to allow the parties time to adequately engage in discovery prior to Defendant filing a response or to allow an amended or supplemental motion to be filed.

Further, if briefing and certification proceed ahead now, 735 ILCS 5/2-802 provides that a class certification order may be amended later to allow for

FILED DATE: 4/19/2022 10:17 AM 2022CH03481

adjustment of the appropriate classes or subclasses already certified. *See Cohen v. Blockbuster Entertainment, Inc.*, 376 Ill. App. 3d 588, 595 (1st Dist. 2007) ("the trial court has a continuing obligation to take cognizance of a change in factual circumstances and to modify class certification rulings when necessary.")

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above respectfully requests that this Honorable Court certify the Class pursuant to the Illinois Class Action Statute, 735 ILCS 5/2-801, and:

(A)     Certify the case as a class action for the class members defined above;

(B)     Appoint Plaintiff as Class Representative;

(C)     Appoint Chicago Consumer Law Center, P.C. and Bardo Law, P.C. as Class Counsel; and

(D)     Any and all other relief the Court deems just and proper.

Dated: April 19, 2022

Respectfully Submitted,

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
COOK COUNTY ATTORNEY ID# 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602

9

FILED DATE: 4/19/2022 10:17 AM   2022CH03481

Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

### Certificate of Service

I, Bryan Paul Thompson, an attorney, state that on Tuesday, April 19, 2022, I caused the foregoing **Memorandum in Support of Class Certification** to be filed with the Clerk and sent via process server along with the Summons and Complaint to:

Midland Credit Management, Inc.
c/o Illinois Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys

# **Exhibit 2**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DAVID WANSAC,<br>Individually and on behalf of all others<br>similarly situated, | )<br>)<br>) | Case No. 2022CH03481 |
| | ) | |
| Plaintiff, | ) | THE HONORABLE THADDEUS L. WILSON |
| | ) | |
| v. | ) | |
| | ) | |
| MIDLAND CREDIT MANAGEMENT,<br>INC. | )<br>) | |
| | ) | |
| Defendant | ) | |

### NOTICE OF FILING OF NOTICE OF REMOVAL

Under 28 U.S.C. § 1446, you are hereby notified that on May 23, 2022, Defendant Midland Credit Management, Inc. filed a notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. The Notice of Removal was filed under 28 U.S.C. § 1441 on the grounds that the federal court has jurisdiction under 28 U.S.C. § 1331. A true and correct copy of the notice of removal and all attachments is attached hereto as **Exhibit A**.[1]

Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing in this Court of a copy of the notice of removal, effect the removal of this action and require that the Circuit Court of Cook County, Illinois proceed no further unless the case is remanded.

---

[1] Midland has not included Exhibit 2 (an attachment to the Notice of Removal) to this Notice of Filing of Notice of Removal because Exhibit 2 is a copy of this Notice of Filing of Notice of Removal filed in this Court.

Dated:  May 23, 2022                                    **MIDLAND CREDIT MANAGEMENT, INC.**

                                                        By:_____/s/ Nicholas D. O'Conner_____
                                                                    *One of its Attorneys*

Nicholas D. O'Conner
*noconner@lockelord.com*
LOCKE LORD LLP
Firm No. 44058
111 South Wacker Drive
Chicago, Illinois  60606
Telephone: 312.443.0700

## <u>CERTIFICATE OF SERVICE</u>

I, Nicholas D. O'Conner, an attorney, hereby certify that, on May 23, 2022, I caused the foregoing to be served upon all parties entitled to notice using Odyssey File & Serve, which will serve a copy to all counsel of record, including the party identified below.

Bryan Paul Thompson
bryan.thompson@cclc-law.com
Robert W. Harrer
rob.harrer@cclc-law.com
Chicago Consumer Law Center, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
*Attorney for Plaintiff*

Stacy M. Bardo
Stacy@bardolawpc.com
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980)
Fax: (312) 219-6981

/s/ Nicholas D. O'Conner

3